IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-01259-WDM-OES

WILLIAM MILLER and MELISSA MILLER,

       Plaintiffs,

v.

STEVEN LEWIS, individually and d/b/a/ LEWIS BROTHERS HOMES,

       Defendant.

---

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Miller, J.

      This matter is before me on the motion for partial summary judgment filed by defendant Steven Lewis, who is sued in his individual capacity and under his d/b/a, Lewis Brothers Homes (Lewis).  I have reviewed the parties' written arguments and the evidence provided with their briefs and find that oral argument is not required.  For the reasons that follow, the motion will be granted in part and denied in part.

Background[1]

      Subject matter jurisdiction in this case is premised on diversity of citizenship.  28 U.S.C. § 1332(a)(1).

      Plaintiffs William and Melissa Miller (the Millers), residents of Texas, own property near Creede, Colorado.  In the spring of 2001, they began plans to build a custom vacation home on their property.  After evaluating several builders, the Millers decided to have

---

[1]     Unless otherwise noted, the following facts appear to be undisputed.

Lewis, a local builder, construct their home.  The parties' contractual arrangements were oral rather than written, and there is a dispute over the price terms.  The Millers allege that a quote of $445,129 in a loan application document was an agreed final cost and that the loan documents constitute a contract in which Lewis agreed to build the home for the quoted amount.  Lewis contends the amount was merely an estimate given for purposes of assisting the Millers in obtaining financing.

Lewis began construction of the home in October 2001, working from a foundation plan.  Because Lewis was able to start on the Millers' home earlier than anticipated due to an opening in his schedule, the complete home plans were not finalized at that time. Lewis received a complete plan in December 2001.  He claims the estimate of the cost of the house went up because of specifications contained in the completed plan, delays caused by the Millers, and changes requested by the Millers; the Millers assert the increases resulted from Lewis's miscalculations and misrepresentations.  In January 2003, Lewis told the Millers that the final cost of the home would be $551,178.  The parties dispute their reactions to this news, but the end result was that Lewis left the job without completing it.

In their First Amended Complaint, the Millers bring claims for: (1) breach of contract; (2) violation of the Colorado Consumer Protection Act (CCPA), § 6-1-101, *et seq.*; (3) damages under the Colorado Construction Defect Action Reform Act (Construction Act), C.R.S. § 13-20-801, *et seq.*; (4) common law fraud; (5) promissory estoppel; and (6) declaratory judgment interpreting the contract between the parties.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'"  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Id.*

<u>Discussion</u>

Lewis moves for summary judgment on the claims asserted under the CCPA and the Construction Act and the common law fraud claim.

1.    <u>Consumer Protection Act Claim</u>

"The CCPA is a remedial statute intended to deter and punish deceptive trade practices committed by businesses in dealing with the public."  *Showpiece Homes Corp. v. Assurance Co.*, 38 P.3d 47, 50-51 (Colo. 2001).  The Act's "broad legislative purpose is 'to provide prompt, economical, and readily available remedies against consumer fraud.'"  *Id.* at 51 (citation omitted).  The Colorado courts give the CCPA a liberal construction in reliance on that broad purpose.  *Hall v. Walter*, 969 P.2d 224, 230 (Colo.

3

1998).

The Millers allege Lewis violated the CCPA by misrepresenting the quality of his services.  C.R.S. § 6-1-105(1)(g) provides that "[a] person engages in a deceptive trade practice when . . . such person: . . . [r]epresents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another[.]"

To prevail on their claim that Lewis violated the CCPA, the Millers must establish:

(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Hall v. Walter*, 969 P.2d at 235.

Lewis challenges the first and third elements.  I agree with him that the Millers have not provided evidence that the challenged practice in this case had a significant impact on the public as consumers of Lewis's services and therefore do not reach the parties' other arguments on this claim.

Factors relevant to whether a challenged practice significantly impacts the public as consumers include:  (1) "the number of consumers directly affected by the challenged practice," (2) "the relative sophistication and bargaining power of the consumers affected by the challenged practice," and (3) "evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future."  *Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998).  Here, the Millers have not provided any evidence

of consumers other than themselves who were directly affected by the alleged deceptive trade practice. Indeed, they admitted in response to Lewis's statement of undisputed facts that they knew of no one else who claimed to have received poor quality work from Lewis or that he misrepresented the price of his services.

In the absence of such evidence, summary judgment is proper for Lewis on the CCPA claim.

2.   Common Law Fraud Claim

Lewis contends the Millers have not properly alleged a claim for common law fraud.[2] He argues the allegation that the representations were "reckless" is not sufficient to prove a breach of a promise to perform. Colorado law does not require that a party who makes a false representation know it is false. Liability may also attach if the person makes a representation recklessly, without knowing whether it is true or false. *See, e.g., Pattridge v. Youmans*, 109 P.2d 646, 648 (Colo. 1941).

Viewed in the light most favorable to the Millers, the allegations in the Amended Complaint state a claim for fraud under Colorado law.

The motion for summary judgment on this claim, construed as a motion to dismiss (see note 2), will be denied.

_____

[2]   Although made in the motion for summary judgment, Lewis does not rely on evidence but challenges only the allegations in the First Amended Complaint. I will address his argument as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. I must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

5

3.      Colorado Construction Defect Action Reform Act Claim

Lewis moves for summary judgment on the Millers' claim under the Construction Act, arguing the Millers failed to comply with the notice requirements of C.R.S. § 13-20-803.5(1).  This provision states: "No later than seventy-five days before filing an action against a construction professional . . . a claimant shall send or deliver a written notice of claim to the construction professional by certified mail, return receipt requested, or by personal service."  In their response, the Millers assert only that they notified Lewis in writing of the known defects on April 19, 2004 in connection with their amendment of the complaint.  The Millers do not contend or present evidence that they provided notice to Lewis seventy-five days before filing their original complaint in July 2003.

Because the Millers do not provide evidence that they complied with § 13-20-803.5, summary judgment is proper for Lewis on the Construction Act claim.

Accordingly, it is ordered:

1.      The motion for partial summary judgment, filed December 13, 2004, is granted in part to dismiss the claims for violation of the CCPA and the Construction Act.

2.      This case remains pending for trial on the Millers' claims for breach of contract, common law fraud, promissory estoppel, and declaratory judgment.

DATED at Denver, Colorado, on March 30, 2006.

                                             BY THE COURT:


                                             s/ Walker D. Miller
                                             United States District Judge